UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD WEAN,

        Plaintiff,

vs.                        Case No. 2:10-cv-628-FtM-29DNF

THE GEO GROUP, INC.,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Defendant's Motion to Dismiss (Doc. #11, Mot. Dismiss), filed November 22, 2010. Plaintiff filed a response in opposition (Doc. #12, Response) on December 2, 2010. This matter is ripe for review.

**I.**

Richard Wean, a *pro se* plaintiff who is civilly detained at the Florida Civil Commitment Center (hereinafter "FCCC"), initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 naming the GEO Group, Inc. (hereinafter "GEO") as the sole defendant. See Complaint. Plaintiff states that GEO operates the FCCC pursuant to a contractual agreement with the Florida Department of Children and Families. Id. at 2. According to the contract, Plaintiff states

that GEO is paid a "flat rate for each bed" that is filled by a resident. Id. Plaintiff claims that this "flat rate" includes all of the medical care that GEO provides to the residents. Id.

According to the Complaint, Plaintiff has a "deviated septum," which Plaintiff claims is a medical condition that makes it "difficult and painful to breath." Id. On April 10, 2010, Plaintiff was taken to an outside medical specialist for his deviated septum and was advised that only a surgical procedure could remedy his problem. Id. Plaintiff alleges, however, that "GEO will not allow this surgical procedure to take place as it is too expensive and would reduce overall corporate profits." Id.

## II.

Defendant GEO moves to dismiss and states that the Complaint fails to meet the pleading requirements for a civil rights claim. See generally Mot. Dismiss. Defendant submits that Plaintiff only makes conclusory allegations that GEO will not provide him with the surgical procedure for his deviated septum because of cost. Defendant specifically states that Plaintiff neither states who from GEO denied him this procedure based on cost, nor does Plaintiff point to a written policy from GEO dictating such. Id. at 3. Defendant also points out that the Complaint contains no allegations of any deprivations constituting a history of widespread abuse, or that GEO was on notice of a need to correct any deficient policy. Id. at 4.

In Response, Plaintiff submits that at this stage of the proceedings, the Court must accept Plaintiff's allegation, that GEO denied Plaintiff's medical procedure based on cost, as true. Response at 1. Plaintiff further claims that GEO, "as a matter of corporate policy[,] is refusing to treat Plaintiff's serious medical condition." Id. at 2.

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007); <u>Marsh</u>, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. <u>Ashcroft</u>, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u>

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted). Additionally, there is no longer a heightened pleading requirement. <u>Randall</u>, 610 F.3d at 701.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

To state a § 1983 claim against a private entity performing public functions there must be a policy or custom by which the constitutional deprivation was inflicted. Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Goebert v. Lee County, 510 F.3d 1312, 1332 (11th Cir. 2007)(citations omitted). A . . . custom is established by showing a persistent or widespread practice and an entity's

actual or constructive knowledge of such customs, though the custom need not receive formal approval. Depew v. City of St. Marys, GA, 787 F.2d 1496, 1499 (11th Cir. 1986). "Normally random acts or isolated incidents are insufficient to establish a custom or policy." Id.

The Court finds that Plaintiff's allegations against Defendant GEO do not raise his right to relief against GEO above the speculative level. Twombly, 550 U.S. at 555. In the Complaint, Plaintiff states that GEO denied his surgery based on costs. Significantly, the Complaint does not include any facts describing how Plaintiff was notified the surgery was denied based on costs, or who denied Plaintiff's surgery on that basis. The Complaint is devoid of any facts alleging that GEO has a history of denying medical procedures based on costs. The Court finds that Plaintiff's allegations are wholly conclusory, devoid of specific factual support, and consist of nothing more than speculation. Such allegations need not be accepted as true, and are insufficient to state a constitutional claim. Iqbal, 129 S. Ct. 1937.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant GEO's Motion to Dismiss (Doc. #11) is **GRANTED**. This case is dismissed without prejudice.

2.  The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __14th__ day of March, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record